UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| VS. | * | CASE NO. TDC 20-00033 |
| WILLIAM GARFIELD BILBROUGH, IV | * | |

**MOTION TO REVIEW DETENTION ORDER AND ORDER RELEASE OF DEFENDANT**

The Defendant by and through his attorneys, Robert C. Bonsib, Esq. and Megan E. Coleman, Esq., respectfully requests that this Honorable Court review the detention Order in the above captioned matter and set appropriate conditions of release and, as reasons in furtherance thereof, states as follows:

1. The Defendant was originally arrested on a complaint charging him with transporting and harboring certain aliens and conspiracy to do so under 8 U.S.C. §1324(a)(1)(A)(ii), and (iii). On January 22, 2020, United States Magistrate Judge Timothy J. Sullivan, after a detention hearing, ordered the Defendant's detention finding that at that time he represented a risk of flight and a danger to the community.

2. Since the detention hearing in this matter, the Grand Jury for the District of Maryland has returned an indictment. The indictment contains the same charges as were issued against the Defendant when he was arrested on the original criminal complaint. In the indictment the Defendant is charged in counts one and three with conspiracy to transport and harbor certain aliens in violation of 18 U.S.C. §1324(a)(1)(A)(v)(I), in counts two and four with transporting certain aliens in violation of 18 U.S.C. §1324(a)(1)(A)(ii) & (a)(1)(A)(v)(II) and in count five with harboring certain aliens in violation of 18 U.S.C. §1324(a)(1)(A)()(iii) & (a)(1)(A)(v)(II).

3. At the time of the detention hearing and at subsequent hearings, the Defendant

offered his Grandmother's residence as an appropriate location for him to reside pending trial. His grandmother, Gail Bilbrough had offered to serve as a third-party custodian and to put up her home as collateral to ensure the Defendant's appearance.

At the time of the original detention hearing, the Court concluded that conditions of release proposed by the Defendant were not sufficient to address the concerns of the Court. The Defendant respectfully asks this Honorable Court to review the Order of Detention.

4. It is respectfully submitted that the Defendant, now having spent a significant amount of time being detained, understands the seriousness of the allegations against him and how his situation would become dramatically worse if the Court were to release him and if he were to violate those conditions of release.

5. This Court has previously indicated that the decision regarding whether or not to release the Defendant was a close call. The Court has rejected previous requests for the Defendant to be released to the third-party custody of this grandmother.

6. Circumstances since the last hearing in this matter have changed dramatically with the spread of the Coronavirus (COVID-19) and the recognition of the serious medical consequences to individuals who have prior medical conditions that may make them particularly vulnerable to the virus.

The Defendant suffers from diabetes. While detained he has been provided a machine that he must periodically use to administer medicine to him to maintain his medical stability.

Should the virus become present at the Correctional Treatment Center it is likely to quickly spread. Should the Defendant be exposed to the virus he would be placed in potentially great danger. The CDC has recognized that individuals with diabetes are amongst the group of individuals who are particularly vulnerable to have severe adverse consequences should they be exposed to the virus. The

Defendant's continued detention in a large population detention facility creates great potential risk to the Defendant's health and well-being.

Releasing the Defendant to the third party custody of Gail Bilbrough would not only provide greater protection to ensure the Defendant's personal safety, but the fact that the Bilbrough residence is somewhat isolated from other residences will provide further protection and increase the likelihood that the Defendant would not be exposed to the virus.

Furthermore, if the Defendant were to be exposed to the virus, he will need immediate medical attention, something that would be much more difficult to achieve if the Defendant were detained.

7.   This unforeseen situation, it is respectfully submitted, tips the balance in favor releasing the Defendant to ensure that his medical safety is better ensured.

WHEREFORE it is respectfully requested that this Honorable Court schedule a prompt hearing to review the detention Order in this matter and to set appropriate conditions of release.

Respectfully submitted,

MARCUSBONSIB, LLC

*/s/ Robert C. Bonsib*
_____
ROBERT C. BONSIB, ESQ.
64ll Ivy Lane, Suite ll6
Greenbelt, Maryland 20770
robertbonsib@marcusbonsib.com
(30l) 44l-3000
Trial Bar No. 00324

*/s/ Megan E. Coleman*
_____
MEGAN E. COLEMAN, ESQ.
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
robertbonsib@marcusbonsib.com
(301) 441-3000
Trial Bar No. 17552

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing motion was filed, via ECF, this 17th day of March, 2020 to all parties of record.

*/s/ Robert C. Bonsib*
_____
ROBERT C. BONSIB